Ronald L. Richman, SBN 139189
Susan J. Olson, SBN# 152467
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, California 94108
E-mail: ron.richman@bullivant.com
E-mail: susan.olson@bullivant.com
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NOTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>HIDALGO GENERAL ENGINEERING INC., a California corporation; and JOSE ROBERTO HIDALGO, an Individual,<br><br>Defendants. | Case No.: C 07 0785 JSW (JL)<br><br>[REVISED] PROPOSED DEFAULT JUDGMENT AGAINST HIDALGO GENERAL ENGINEERING, INC., A CALIFORNIA CORPORATION; AND JOSE ROBERTO HIDALGO, AN INDIVIDUAL |

### ORDER

This Court, having received and reviewed the Summons and Complaint for Damages For Breach of Collective Bargaining Agreement, To Recover Unpaid Trust Fund Contributions and For Mandatory Injunction ("Complaint"), all Proofs of Service, no responsive pleading having been filed by Defendants Hidalgo General Engineering, Inc., a California corporation, and Jose

– 1 –
DEFAULT JUDGMENT

Roberto Hidalgo, an individual, the Clerk of Court having entered the default of Defendants on May 8, 2007 and the Court, having read and considered the moving papers in support of Plaintiffs Trust Funds' Motion for Default Judgment, the declarations and attached exhibits in support of Plaintiffs Trust Funds' Motion for Default Judgment, and there otherwise appearing to be good cause therefore:

IT IS HEREBY ORDERED AND ADJUDGED that Judgment be entered against Hidalgo General Engineering, Inc., a California corporation and Jose Roberto Hidalgo, an individual, and each of them, as follows:

1. Plaintiffs shall have and recover from Hidalgo General Engineering, Inc., a California corporation and Jose Roberto Hidalgo, an individual, and each of them, the amount of $91,683.11 broken down as follows:

(a) <u>Contributions not reported, but not paid</u>, under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) in the following amount:

- § 1132(g)(2)(A) unpaid contributions:    $28,714.69
- § 1132(g)(2)(B) interest:                $24,630.35
- § 1132(g)(2)(C) interest:                <u>$24,630.35</u>

  Sub total:                               $77,975.39; and

(b) Liquidated Damages on contributions paid, but paid late, in the amount of:   $6,150.00

(c) Attorneys' Fees and Costs              $7,557.72

**Total**                                  **$91,683.11**

Plaintiffs shall further have and recover additional interest and associated liquidated damages accruing at the rate of 1.5% per month on the unpaid delinquent contributions from February 7, 2007 until the date of Judgment, the whole of the Judgment to bear interest at the contract rate of 1.5% per month until paid;

2. Defendant Hidalgo General Engineering, Inc., a California corporation, is required to permit a Trust Funds auditor to come onto defendant's premises and to submit to an audit of

their financial records for the period from March 1, 2003 through April 30, 2008 including, but not limited to, the following records:

> Individual earnings records; federal tax forms W-3/W-2 and 1069.1099; reporting forms for all Trust Funds, State DE-3/DE-6 Tax Reports; Workers' Compensation insurance; employee time cards; payroll registers/journals; quarterly payroll tax returns (Form 941); check register and supporting cash vouchers; forms 1120, 1040 or partnership tax returns; general ledger; source records, including time cards and time card summaries for all employees; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation of defendants' financial records;

3. The Court further reserves jurisdiction of the parties and the subject matter to enforce its mandatory injunction and to entertain a motion for a further money judgment, should the audit disclose additional amounts that may be owed by defendants to the Trust Funds.

**IT IS SO ORDERED**

DATED: May 22, 2009_____, 2008.

_____
Hon. Jeffrey S. White
UNITED STATES DISTRICT JUDGE

10484653.1

— 3 —
DEFAULT JUDGMENT